Michael J. GUIDRY, Plaintiff,

v.

KEM MANUFACTURING COMPANY, Defendant.

DRACKETT PRODUCTS COMPANY et al., Defendants-Third Party Plaintiffs-Appellants,

v.

KEM MANUFACTURING COMPANY et al., Third Party Defendants-Appellees.

No. 77-1492.

United States Court of Appeals, Fifth Circuit.

Oct. 9, 1979.

Harry McCall, Jr., Corinne Morrison Hopkins, Lloyd C. Melancon, New Orleans, La., Warren Freedman, New Rochelle, N. Y., for plaintiff.

Wood Brown, III, New Orleans, La., for Kem Manufacturing.

James H. Drury, New Orleans, La., for Baudouin, et al.

ON PETITION FOR REHEARING

(Opinion 5 Cir., 1979, 598 F.2d 402)

Before GODBOLD, Circuit Judge, SKELTON *, Senior Judge, and RUBIN, Circuit Judge.

* Senior Judge of the United States Court of Claims, sitting by designation.

ALVIN B. RUBIN, Circuit Judge:

The application for rehearing suggests two alleged errors of law in our original opinion. We have fully reconsidered each issue.

 Rule 49(a) does not contemplate that the jury will decide issues of law but will return "a special written finding upon each issue of fact." It is patent that no question on the special verdict directly inquired about contribution and that the issue of contribution as a matter of law was not submitted to the jury. It is also clear that the *fact* issues submitted to the jury were framed with the legal claim for indemnity in mind. However, the questions did submit to the jury resolution of the facts on which determination of the legal right to contribution would also be based. Drackett would have a legal right to contribution if in fact Kem was actively negligent in a manner that contributed to Mr. Guidry's injury. As pointed out in the original opinion, 598 F.2d at p. 407, "The fact question—was Kem negligent—was not omitted. It was put, at least implicitly, not once but twice." Therefore, the *fact* issue could not be resolved by the trial judge and, of course, the legal issue could not be decided without the indispensable finding of fact.

 The application for rehearing fails to distinguish between issues of fact and questions (sometimes called issues) of law. Under Rule 49(a) a trial judge can decide any issue of fact omitted from the written questions but the judge cannot resolve those issues of fact that were submitted.

Counsel misapprehended the references to their role in the trial and refer to the opinion as a castigation. The opinion merely points out that in the application of Rule 49(a) all problems cannot be resolved by the trial judge alone. He needs, and deserves, the assistance of counsel. The legal question of contribution was raised by the cross-claim; when the factual questions were submitted to the jury, all counsel and the court failed to notice that the fact issues submitted to the jury permitted answers that might be inconsistent and, therefore, inconclusive in deciding whether Drackett was entitled to contribution. Counsel for Kem states, "We timely objected to the charge and submission of the indemnity issue." Whether Drackett or Kem made either request for the charge or an objection to it is not decisive; in the end fact questions essential to decision of the legal question of contribution were submitted, and were answered inconsistently.

 When a fact question is omitted, "each party waives his right to a trial by jury of the [fact] issue so omitted unless before the jury retires he demands its submission to the jury." Rule 49(a), F.R.C.P. The rule does not imply that, if a fact issue is submitted, and the jury's answers concerning it are inconsistent, the court is either empowered to decide it or precluded from resubmitting the issues to the jury before it is discharged in order to attempt to obtain consistent responses.

 The Federal Rules of Civil Procedure of course govern trials in federal court. Footnote 4 in our original opinion makes it clear that we did not attempt in it to decide whether, even in a diversity case, a claim for contribution could be raised at a time later than required by Rule 12(b) Federal Rules of Civil Procedure. Our discussion of the substantive rights of parties to contribution under Louisiana law was designed to make it clear that this legal right had not been waived because it had been expressly urged in a timely filed counterclaim.

For these reasons, the petition for rehearing is DENIED.