In re Vera RANDALL, Petitioner.

Vera RANDALL, Appellant,

v.

WARNACO, INC., HIRSCH WEIS DIVISION, Appellee,

v.

Larry J. SAKELLSON, Appellee.

Nos. 83–1224, 83–1255.

United States Court of Appeals, Eighth Circuit.

Submitted May 20, 1983.

Decided Aug. 1, 1983.

Armond G. Erickson, Tenneson, Serkland, Lundberg, Erickson & Marcil, Ltd., Fargo, N.D., James M. Samples, Mary H. Terzino, Faegre & Benson, Minneapolis, Minn., for appellee Warnaco, Inc., Hirsch-Weis Div.

Fredric A. Swartz, Edward M. Swartz, Alan L. Cantor, Swartz & Swartz, Boston, Mass., Shelley J. Lashkowitz, Fargo, N.D., for petitioner.

Before LAY, Chief Judge, and HEANEY and FAGG, Circuit Judges.

LAY, Chief Judge.

Vera Randall brought this diversity suit for personal injuries against Warnaco, Inc., Hirsch-Weis Division (Warnaco), a tent manufacturer, to recover damages for injuries she sustained when a fire broke out in a tent manufactured by Warnaco. Plaintiff claimed that the tent was defectively manufactured and tested by the defendant resulting in severe and disabling burns to her. The occurrence took place November 13, 1975. After a three week jury trial in July and August of 1980, the jury returned a verdict for Warnaco on plaintiff's strict liability count. After plaintiff had presented her case in chief, the district court directed a verdict for Warnaco on Randall's negligence count. On appeal to this court, the judgment was reversed on the ground that the district court erred in failing to submit Randall's claim of negligence to the jury. *Randall v. Warnaco,* 677 F.2d 1226, 1228 (8th Cir.1982). On remand to the district court, Warnaco moved for summary judgment. The district court thereafter made a finding under Fed.R.Civ.P. 49(a)[1] that the conduct of the defendants was not a proximate cause of plaintiff's injuries. On this basis the district court granted summary judgment in favor of the defendant. This appeal was then filed by the plaintiff. We once again reverse and remand for a plena-

---

1. Rule 49(a) provides:
     Rule 49. Special Verdicts and Interrogatories.
     (a) Special Verdicts. The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact. In that event the court may submit to the jury written questions susceptible of categorical or other brief answer or may submit written forms of the several special findings which might properly be made under the pleadings and evidence; or it may use such other method of submitting the issues and requiring the written findings thereon as it deems most appropriate. The court shall give to the jury such explana-

tion and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue. *If in so doing the court omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issue so omitted unless before the jury retires he demands its submission to the jury. As to an issue omitted without such demand the court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict."* (Emphasis added.)
Fed.R.Civ.P. 49(a).

ry jury trial on the merits of plaintiff's negligence count.[2]

On appeal, plaintiff asserts three grounds of error:

(1) The district court erroneously made a finding of no causation under Fed.R.Civ.P. 49(a).

(2) The district court erroneously found there was no genuine issue of material fact as to the cause of plaintiff's injuries.

(3) Under the doctrine of law of the case, plaintiff was entitled to have the question of negligence submitted to the jury.

We need only discuss points (1) and (2).

In her suit for negligence plaintiff alleges that her injuries resulted from Warnaco's failure to manufacture the tent with flame retardant material, its failure to include a second exit in the tent, and its failure to supply a warning of the tent's flammability.

■ The trial court based its grant of summary judgment by making a finding under rule 49(a) that there was no proximate cause shown by the evidence in the prior trial. The court did so on the ground that the jury omitted such a finding in its original verdict rendered in favor of the defendant on the strict liability count. We find the trial court erred in doing so since the court misconstrues the procedure contemplated by rule 49(a).[3] Under rule 49(a), a trial judge may not make a special finding unless it has been omitted by the court in its original submission of the special verdict to the jury. In this case it is clear that the issue of proximate cause was instructed upon and submitted to the jury in the original trial. The form of verdict simply found that the plaintiff had failed to carry the "burden of proving against defendant as those issues have been set out in these instructions." The issue originally submitted to the jury was under the strict liability count. We find it erroneous to say

that the parties had waived their right to a jury trial on the issue of proximate cause under the negligence count. The negligence count was withdrawn from the jury by the trial judge. On the other hand, the issue of proximate cause under strict liability was instructed upon and submitted to the jury. A party could not request submission of the issue "before the jury retires" and thus a party could not waive its right to jury trial when the issue has already been instructed upon to the jury. "Under rule 49(a) a trial judge cannot resolve those issues of fact that were submitted." *Guidry v. Kem Manufacturing Co.,* 604 F.2d 320, 321 (5th Cir.), *cert. denied,* 445 U.S. 929, 100 S.Ct. 1318, 63 L.Ed.2d 763 (1979). Thus, we find the trial judge erred in finding, under rule 49(a), that "plaintiff failed to prove that the alleged defects in the tent were a proximate cause of the accident or plaintiff's injuries."

■ We next turn to the sufficiency of the evidence in the first trial relating to causation. On appeal from the granting of a motion for summary judgment, this court must examine the record to determine whether any genuine issue exists as to any material facts and whether the moving party is entitled to a judgment as a matter of law. We, of course, must resolve all inferences in favor of the non-moving party. *Pierson v. Grant,* 527 F.2d 161 (8th Cir. 1975).

■ The complete facts presented are set forth in our prior opinion. *Warnaco,* 677 F.2d at 1228. The tent was engulfed in flame when Vera Randall attempted to start a fire in the stove built by Larry Sakellson. There exists controversy as to whether Vera Randall caught on fire before the tent did. Larry Sakellson testified that he awoke and saw a little bit of flame on top of the fuel can and what looked like fire

---

**2.** Plaintiff filed a petition for writ of mandamus on February 15, 1983, and a notice of appeal on February 18, 1983. Since the district court order is a final judgment and plaintiff has filed a timely appeal we need not entertain the petition for writ of mandamus and dismiss the same as moot.

**3.** Rule 49(a) contemplates a trial judge making any omitted finding on the special verdict form *before* entry of final judgment. At the time the trial court attempted to amend the special verdict, final judgment on the verdict had been previously entered in 1980 and the cause reversed and remanded for a new trial.

behind Randall against the wall. He testified that Randall was not on fire at this time. Sakellson further testified Randall had to exit the tent through the flames and that Randall's clothes were on fire when she came out. Randall testified that she poured a very small amount of fuel on the log which she then put in the stove and lit with a match. She then testified that as she was closing the stove door some flames leaped out and so she turned to get something to close the hot stove door. According to Randall's testimony, when Randall turned back toward the stove she could see fire was on the tent, on the wall and on the ceiling by the corner. She then backed up to see if she could get out another way where there was no fire. She turned around again and all she could see was fire. Randall testified that she was not yet on fire. She saw Larry outside the tent, framed in the doorway by fire. She then ran out through the fire. Once she was outside the tent, she saw it burn and collapse. Randall's estimate of the time it took for the tent to be consumed from the time she first realized there was a flame was 1½ minutes. She further testified that she did not run out the door of the tent when she saw flames on the roof of the tent because she did not think the fire would do what it did. From this testimony alone, the jury could find that Randall's injuries resulted from Warnaco's alleged negligence.

We reverse and remand for a plenary trial to the jury on defendant's negligence and the proximate cause of plaintiff's injuries.