LEE, J.,
for the Court.
¶ 1. Brenda Jenkins, a gambling enthusiast, slipped and fell down two stairs at the Hollywood Casino on September 19, 1998.[1] Jenkins suffered a fractured ankle, and subsequently underwent surgery to repair and stabilize her ankle. Jenkins filed suit in Tunica County Circuit Court, alleging that Hollywood was negligent because the stairs were too narrow, that the carpet covering the stairs prevented her from negotiating the distance between the stairs and the floor, and that the stairs were poorly lit. The trial court submitted a special verdict form to the jury. Shortly after the jury convened, it returned with a verdict finding that both Hollywood and Jenkins were negligent, and assigning 100% fault to Jenkins. This verdict did not assign any damages to Jenkins.
¶ 2. The court orally instructed the jury as to how the form should be completed, and the jury reconvened. A few minutes later the jury returned with another verdict. This second attempt found that Hollywood was negligent and that Jenkins was not negligent. The jury found Hollywood to be 100% at fault and found that Jenkins was not at fault; however, the jury did not assign any damages against Hollywood. Once again, the court re-instructed the jury as to how the special verdict form should be returned, and the jury reconvened.
¶ 3. The final verdict found Hollywood negligent, and Jenkins not negligent. Hollywood was found to be 100% at fault, while Jenkins was found to be 0% at fault. The jury granted Jenkins $100,000 in damages against Hollywood.
¶ 4. Hollywood now appeals, citing nine assignments of error. Four of the nine assignments of error regard the substance of jury instruction P-5; therefore, those assignments will be addressed together. Finding that the trial court erred in its re-instruction of the jury, this Court reverses and remands for a new trial.
I. DID THE TRIAL COURT ERR IN REFUSING TO DIRECT A VERDICT OR IN NOT GRANTING A JNOV FOR HOLLYWOOD?
¶ 5. When reviewing a trial court’s decision to grant or deny a directed verdict, an appellate court considers the same standard of review that is employed in reviewing the denial of a judgment not *152 withstanding the verdict and a request for a peremptory instruction. Shelton v. State, 853 So.2d 1171, 1186(¶ 48) (Miss.2003). Each tests the legal sufficiency of the evidence presented to the trial court. Id. We properly review the ruling “on the last occasion the challenge was made in the trial court, when the circuit court overruled the JNOV.” Id. Further, the supreme court has stated:
[T]his Court will consider the evidence in the light most favorable to the appel-lee, giving that party the benefit of all favorable inference that may be reasonably drawn from the evidence. If the facts so considered point so overwhelmingly in favor of the appellant that reasonable men could not have arrived at a contrary verdict, we are required to reverse and render. On the other hand if there is substantial evidence in support of the verdict, that is, evidence of such quality and weight that reasonable and fair minded jurors in the exercise of impartial judgment might have reached different conclusions, affirmance is required. The above standards of review, however, are predicated on the fact that the trial judge applied the correct law.
Ala. Great S. R.R. Co. v. Lee, 826 So.2d 1232, 1235-36(1112) (Miss.2002). Furthermore, where a party requests a new trial and the trial court denies that request, we will reverse only if the denial amounts to an abuse of discretion. Id. at 1236(¶ 12).
¶ 6. Considering the evidence in a light most favorable to Jenkins, it is clear that reasonable jurors could have found Hollywood was negligent, either because the lighting in the area was poor, the steps presented a slippery surface, or the steps were too narrow to negotiate safely. Jenkins presented testimony that the steps and the surrounding area were poorly lit. Jenkins also presented testimony that the steps appeared narrow and were difficult to traverse. The facts and the testimony in this case are not so one-sided as to require that a reasonable jury reach a contrary decision. This assertion of error is without merit.
II. DID THE TRIAL COURT ERR IN GRANTING JURY INSTRUCTION P-5?
¶ 7. Hollywood argues that jury instruction P-5 contained a number of substantive errors. Hollywood argues (1) that the court erred in instructing the jury that a lack of carpet on the stairs was an element of negligence to be considered by the jury because there was insufficient proof to warrant such an instruction and this was an incorrect statement of the law; (2) that the court erred in instructing the jury that the narrowness of the steps was an element of negligence to be considered by the jury because there was insufficient proof to warrant such an instruction and this was an incorrect statement of the law; (3) the trial court erred in instructing the jury that it could return a verdict based on the dim lighting because there was insufficient evidence to warrant such an instruction and this was an incorrect statement of the law; (4) the trial court erred in giving instruction P-5 because this instruction was not supported by the evidence, was confusing, and was an incorrect statement of the law. Instruction P-5 provided as follows:
In the Circuit Court of Tunica County, Mississippi if you find by the preponderance of the evidence in this case that:
(1) The defendant was in control or possession of the casino as the owner or operator of the casino and;
(2) Brenda Jenkins was on the property in answer to an expressed or implied invitation of the defendant to do business or for their mutual advantage and
*153 (3) The defendant’s property in the casino and more particularly the lack of carpet [on] the steps and the steps were too narrow and the lighting was too dim [to] constitute a dangerous condition upon this property you shall find for [the] Plaintiff
However, if you believe that the plaintiff has failed to show any one of these elements, then your verdict shall be for the defendant.
¶ 8. Our standard of review for jury instructions is as follows:
[T]he instructions are to be read together as a whole, with no one instruction to be read alone or taken out of context. A defendant is entitled to have jury instructions given which present his theory of the case. However, the trial judge may also properly refuse the instructions if he finds them to incorrectly state the law or to repeat a theory fairly covered in another instruction or to be without proper foundation in the evidence of the case.
Howell v. State, 860 So.2d 704, 761 (V 203) (Miss.2003). Where a party fails to make a contemporaneous objection to a proposed jury instruction so that the trial court has an opportunity to cure the defect, we are procedurally barred from considering arguments that the trial court erred in submitting the instruction. Haggerty v. Foster, 838 So.2d 948, 954(¶8) (Miss.2002). Thus, failure to object constitutes a waiver of that assertion on appeal. Id. Hollywood did not object to the jury instruction as amended. Indeed, this jury instruction was not given as submitted; the instruction was modified to include the language regarding the lack of carpet on the steps, the width of the steps, and the inadequacy of the lighting. Hollywood assisted in adding the now-disputed language; however, Hollywood did not voice any objection to the instruction as amended. As such, this Court is without the authority to consider Hollywood’s arguments that the trial court erred in submitting P-5 as amended.
III. DID THE TRIAL COURT ERR IN RESUBMITTING THE SPECIAL VERDICT TO THE JURY WITH ORAL INSTRUCTIONS?
¶ 9. Our supreme court has found that Rule 49(b) of the Mississippi Rules of Civil Procedure similar to Fed.R.Civ.P. 49(a). First Bank of Southwest Mississippi v. Bidwell, 501 So.2d 363, 366 (Miss.1987). Our supreme court has also found that “[w]hen faced with conflicting responses in special verdicts under the federal rule, it is generally held that a new trial is required.” Id. (citing Guidry v. Kem Mfg. Co., 598 F.2d 402, 406, on reh’g 604 F.2d 320 (5th Cir.1979); 9 C. Wright & A. Miller, Federal Practice and Procedure §§ 2510 at 517 (1971)).
¶ 10. Uniform Rules of Circuit and County Court Rule 3.07 addresses jury instructions. Specifically the rule provides that “[t]he court’s instructions must be in writing and must be submitted to the attorneys, who in accordance with this rule, must dictate their specific objections into the record.” URCCC 3.07. Rule 3.10 addresses jury deliberations and verdicts. In the event the jury requires additional instruction, paragraph six provides that the jury shall write its question down and “the court in its discretion, after affording the parties an opportunity to state their objections or assent, may grant additional written instructions in response to the jury’s request.” URCCC 3.10. Mississippi Rules of Civil Procedure 51(c) provides that with the exception of cautionary instructions and instructions relating to trial procedure, the duty and function of the trial and for the purpose of generally acquainting the jury with the nature of the case, “all instructions shall be in writing.” M.R.C.P. 51(c).
¶ 11. When the first special verdict was returned, the trial judge reviewed the ver- *154 diet, which found that Hollywood was negligent, Jenkins was negligent, and assessed 100% of the fault to Jenkins. The trial judge read over the special verdict in front of the jury pointing out, among other things, that “you’re saying that [Hollywood is] negligent, but you didn’t assess fault.” The trial judge then remanded the jury for further deliberations.
¶ 12. Five minutes later, the jury returned with a second verdict. This verdict assessed 100% of the negligence against Hollywood and none against Jenkins, yet did not provide for damages. Once again, the court orally instructed the jury, the last moments of which are reproduced here in toto.
I can only tell you, though, the way you’ve got it here you’ve got to put damages for the plaintiff. Now, if you don’t want — if you’re wanting to rule for Hollywood, then you need to put a no in the first blank and then a yes in the second blank and then, you know, whatever. And then it would be like your first verdict was if you didn’t want to put damages which you didn’t do twice. And if you want to rule for the plaintiff, then you’ll have to assess the amount of damages in the last blank. Okay. With that said I am going to hand it back to the bailiff and ask would you return and look at it again.
¶ 13. Four minutes later the jury returned with a verdict assessing 100% negligence to Hollywood, no negligence to Jenkins, and $100,000 in damages.
¶ 14. It is clear that a judge must instruct a jury to reword its verdict when the verdict is ambiguous, confusing and improper. Saucier v. Walker, 203 So.2d 299, 303 (Miss.1967). However, it is also clear that instructions to the jury are to be in writing. Under Bidwell, where a special verdict yields conflicting responses, a new trial is required. The trial judge abused his discretion in twice orally re-instructing the jury. This is not to say that a trial judge may never instruct a jury that the verdict is not in proper form; however, based upon the record before us, this Court finds that the trial judge stretched beyond the bounds of merely seeking to have the jury clarify the verdict. The conflicting special verdicts, coupled with the series of erroneous oral instructions constitutes reversible error, and further discussion of issues IV, V, and VI are unnecessary.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY IS REVERSED AND REMANDED FOR A NEW TRIAL CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., BRIDGES, P.J., MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. BARNES, J., NOT PARTICIPATING.

. HWCC-Tunica, Inc. owns and operates the casino, which is more commonly known as Hollywood Casino.