Patricia A. FUGITT (Patricia Craig
Stewart), Plaintiff-Appellant,

v.

Clarence JONES, Sheriff, Dallas County,
Texas, et al., Defendants-Appellees.

No. 76–2488.

United States Court of Appeals,
Fifth Circuit.

April 1, 1977.

Robert L. Yeager, III, Dallas, Tex., (Court-appointed), for plaintiff-appellant.

Henry Wade, Dist. Atty., John B. Tolle, Asst. Dist. Atty., Dallas, Tex., for defendants-appellees.

Before TUTTLE, GOLDBERG and CLARK, Circuit Judges.

CLARK, Circuit Judge:

Patricia Fugitt originally brought this suit as a class action under Section 1 of the Civil Rights Act of 1871, 42 U.S.C.A. § 1983 (1974).[1] She withdrew all of her class action claims and her request for injunctive relief at the pre-trial conference and now seeks only damages. Fugitt alleges that during her confinement in the Dallas County Jail located in Dallas, Texas, she sustained fractures of the hand and foot. She further asserts that, despite her persistent oral and written requests, she was denied medical treatment for nearly three days thereafter. Named as defendants in Fugitt's complaint are ten officials of the Dallas County Jail,[2] all of whom she contends were shown her swollen and discolored appendages and told that she was in pain and urgently needed medical care. Fugitt asserts that she suffered avoidable pain and increased permanent disability as a result of defendants' disregard of her condition.

At the conclusion of the trial the district court submitted the case to the jury under the special verdict procedure prescribed by Rule 49(a) of the Federal Rules of Civil Procedure. The special verdict rendered is set out in the margin.[3] Fugitt made no

---

1. Although Fugitt filed her complaint *pro se*, the district court appointed an attorney to represent her shortly thereafter.

2. Defendants Jones and Kitching are the Sheriff of Dallas County and Director of Services of the Dallas County Jail, respectively. Rowland, Masters, Sherman, Smith, and Cline are Chief Jailors, and Thompson, Conners, and Faulkner are nurses at the jail.

3. (The references in the court's questions to Stewart are to the same person as the appellant Fugitt.)
   QUESTION NO. 1
   Do you find from a preponderance of the evidence that on the occasion in question Stewart suffered injuries that were severe and obvious?
   Answer "Yes" or "No."
   ANSWER: Yes.
   If you have answered Question No. 1 "Yes," then answer the following Question.
   QUESTION NO. 2
   Do you find from a preponderance of the evidence that on the occasion in question that Stewart had an urgent need for medical care?
   Answer "She did" or "She did not."
   ANSWER: She did.
   If you have answered Question No. 2 "She did," then answer the following Question.
   QUESTION NO. 3
   Do you find from a preponderance of the evidence that one or more of the defendants deliberately or wi' flagrant indifference failed to provide prompt and adequate medical care after Stewart notified them of her need for medical treatment?
   Answer "Yes" or "No" as to each of the defendants listed.

   | ANSWER: | | |
   |---|---|---|
   | a. | Jones | Yes |
   | b. | Kitching | No |
   | c. | Rowland | Yes |
   | d. | Masters | Yes |
   | e. | Sherman | Yes |
   | f. | Smith | Yes |
   | g. | Thompson | Yes |
   | h. | Conners | Yes |
   | i. | Faulkner | Yes |
   | j. | Cline | Yes |

   If you have answered any part of Question No. 3 "Yes," then answer the following Question.
   QUESTION NO. 4
   Do you find from a preponderance of the evidence that the failure to provide prompt and adequate medical care proximately caused injury to Stewart on the occasion in question?
   Answer "Yes" or "No."
   ANSWER: Yes.
   "Proximate Cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred; and in order to be a proximate cause, the act or omission complained of must be such that a

objection to the verdict at the time it was received. The district court entered judgment for defendants on the basis of the jury's answers. Fugitt made no motion for a judgment notwithstanding the verdict, nor did she move for a new trial.

■ On appeal Fugitt contends that the jury's answer to Question 5 that she suffered no damage as a result of defendants' faults was contrary to the great weight and preponderance of the evidence. Her failure to move for a directed verdict on this ground in the district court precludes review under the facts of this case. *EAC Credit Corp. v. King,* 507 F.2d 1232 (5th Cir.1975); 9 C. Wright & A. Miller, Federal Practice & Procedure § 2536, p. 593 (1971). Moreover, while a new trial motion may put in issue whether there was "absolute absence of evidence to support the jury's verdict", *Urti v. Transport Commercial Corp.,* 479 F.2d 766, 769 (5 Cir. 1973), plaintiff's failure to make such a motion precludes our review of even this question.

■ However, this default does not preclude our review of whether the jury's answers to this question and other special verdict questions were inconsistent and thus fail to support the judgment entered thereon. A motion for directed verdict was not required to preserve this form of the issue, for no error lay in submitting the issues of disputed liability to the jury. *See Traders & General Insurance Co. v. Mallitz,* 315 F.2d 171 (5th Cir.1963). Similarly, a motion for judgment notwithstanding the verdict could not have afforded relief, for there was no certain judgment which should have been entered on the inconsistent verdicts. It is a problem that Fugitt made no objection to

---

person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

If you have answered Question No. 4 "Yes," then answer the following Question.

QUESTION NO. 5

What sum of money, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate Stewart for her injury, if any, proximately caused by the defendant(s) failure to provide prompt and adequate medical care?

Answer separately in dollars and cents, if any, with respect to each of the following elements.

ANSWER:

a. Physical pain and mental anguish in the past.

None

b. Physical pain and mental anguish which, in reasonable probability, she will suffer in the future.

None

c. Loss of earning capacity, which in reasonable probability, she will sustain in the future.

None

Do not include any amount for any conditions not proximately caused by the delay in taking Stewart to the hospital.

If you have answered any part of Question No. 3 "Yes," then answer the following Question.

QUESTION NO. 6.

Do you find from a preponderance of the evidence that one or more of the defendants' failure to provide prompt and adequate medical treatment, if any, was done knowingly and in conscious disregard of Stewart's injuries?

Answer "Yes" or "No" as to each of the defendants listed below to which you answered Question No. 3 "Yes."

| ANSWER: | | |
|---------|-----------|-----|
| a. | Jones | No |
| b. | Kitching | No |
| c. | Rowland | No |
| d. | Masters | No |
| e. | Sherman | No |
| f. | Smith | No |
| g. | Thompson | No |
| h. | Conners | No |
| i. | Faulkner | No |
| j. | Cline | No |

An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

If you have answered any part of Question No. 6 "Yes," then answer the following Question.

QUESTION NO. 7

What sum of money, if any, do you find from a preponderance of the evidence that Stewart should be awarded against the defendants as exemplary damages?

Answer in dollars and cents, if any.

ANSWER: _____

Exemplary damages means an amount which you may in your discretion award as an example to others and as a penalty or by way of punishment, in addition to any amount which you may have found as actual or compensatory damages.

the verdict nor sought to have the court return the jury to their deliberations in the hope of resolving the inconsistency. However, this made Fugitt's case procedurally similar to the situation in *Griffin v. Matherne,* 471 F.2d 911 (5th Cir.1973), in which no motion to correct an inconsistency in special verdict answers was made until after the jury had been discharged and the problem could not be solved by further jury deliberation. Although the plaintiff in *Griffin* did move the district court to set aside the verdict on the ground of inconsistency before the judgment appealed from was entered, there is no sound reason to predicate the right to review on such a formality. If the answers were legally inconsistent, the entry of judgment on such a special verdict embodies the same error as the denial of a motion to set aside the verdict or denial of a motion for a new trial.

*Griffin* pretermitted deciding whether reconsideration is a possibility under Rule 49(a) special verdict procedure. *Griffin v. Matherne,* 471 F.2d at 917 n.6. However, this issue has just been resolved for this circuit in *Morrison v. Frito-Lay, Inc.,* 546 F.2d 154 (1977), which permits a court to return a jury for further deliberation to clarify their verdict where their special verdict answers are inconsistent. Clearly, it would be better practice for Fugitt to have timely moved for such reconsideration in the trial court. With the jury at hand, the mystery as to what truth they intended to speak by their verdict could be solved with relative ease. In light of the state of the law at the time Fugitt's case was tried, however, we decline to apply this failure as a bar to her appeal.

■ In response to the court's request for additional briefing on the issue of inconsistency of special verdict answers, Fugitt contended that the answer to Question 3, finding defendants' failure to provide care was "deliberate or with flagrant indifference," is inconsistent with the answer to Question 6 which found the failure to provide care was not done "knowingly and in conscious disregard" of her injuries. The court's in-

struction and, indeed, the arrangement of the questions in the verdict form indicates that these questions were designed to separate compensatory from punitive damages. *Wright v. Kroeger Corp.,* 422 F.2d 176 (5th Cir.1970); 9 C. Wright & A. Miller, Federal Practice & Procedure § 2510, p. 516 (1971). They represent, though perhaps more semantic than real, shadings of fault which courts often ask jurors to make. We cannot say the answers as made were inconsistent. A comparison of Answers 1–4 with Answer 5 produces a different result.

■ The jury found that Fugitt's injuries were severe and obvious [No. 1]; that she was urgently in need of medical care [No. 2]; that, with the exception of Kitching, the defendants deliberately or with flagrant indifference failed to provide her with prompt and adequate medical care [No. 3]; and that this failure proximately caused Fugitt harm [No. 4]. These are the only elements which the district court instructed the jury Fugitt had to prove by a preponderance of the evidence in order to be entitled to recovery. Nevertheless, the jury fixed the amount of her compensatory damages for treatment of broken bones at "none" [No. 5].

■ "[T]he determination that an inconsistency exists must be made only after a concerted effort to reconcile every apparent inconsistency." *Miller v. Royal Netherlands Steamship Co.,* 508 F.2d 1103, 1106 (5th Cir.1975). After carefully examining the record, we cannot conclude that these answers "may fairly be said to represent a logical and probable decision on the relevant issues as submitted". *Griffin v. Matherne,* 471 F.2d at 915. For the jury to find that the injury which defendants proximately caused to Fugitt resulted in no damages to her is not just contrary to the overwhelming evidence, a point not preserved for review, it is also so inconsistent with the previous liability findings by the same jury that one or the other must represent a totally illogical and improbable resolution of the issues submitted. Under the

undisputed proof, it is plain as day that she was damaged in some amount by the delay in treatment of her broken bones. Either some or all of the first four answers are wrong or the fifth is. It was error to enter judgment on the inconsistent special verdicts. That part of the judgment must be vacated and the cause remanded for retrial on liability and compensatory damages.[4]

Fugitt also argues that the district court erred in denying her motion for the appointment of a physician to assist her in the preparation of her case. The request was refused because the court could find "no authority to support [the] granting of the requested relief." It is unclear whether the district court believed that the appointment of a medical expert was not justified by the circumstances of this case or whether it was thought that the court was without authority to appoint a medical expert irrespective of the circumstances. Since the matter is likely to recur, we note that Rule 706(a) of the Federal Rules of Evidence confers on a district court the discretionary power to appoint an expert witness on the court's own motion or on the motion of any party. Of course we express no opinion concerning how that discretionary power should be exercised on remand in this case either as to appointment or payment of compensation.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

4. There was no inconsistency as to the defendant Kitching. Fugitt concedes in her brief that Kitching's testimony to the effect that he resigned from his position at the county jail prior to the date of the incident of which she complains was uncontradicted. The judgment in Kitching's favor was correct and is affirmed.