Bill MERCER, Plaintiff-Appellee,

v.

LONG MFG. N. C., INC.,
Defendant-Appellant.

No. 79–2346.

United States Court of Appeals,
Fifth Circuit. *
Unit A

April 2, 1982.

Clyde E. Bracken, Philip R. Russ, Dallas, Tex., for defendant-appellant.

Sheehy, Lovelace & Mayfield, Philip F. McCleery, Waco, Tex., for plaintiff-appellee.

Before BROWN, COLEMAN and GEE, Circuit Judges.

PER CURIAM:

We have fully considered the asserted errors of law in our original opinion in 665 F.2d 61, and we deny the motion for rehearing and adhere to our initial decision. Only two points merit specific discussion.

The first asserted error is whether Long Manufacturing waived its right to complain of inconsistent jury findings.

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

This case, submitted to the jury with a general charge with the verdict through four special interrogatories (*see* 665 F.2d at 64 n.8), pursuant to F.R.Civ.P. 49(a), resulted in the return of inconsistent, irreconcilable answers to the special interrogatories. The application for rehearing filed by Plaintiff Mercer urges that the failure of a party to move for a limited resubmission to the jury in such a case of inconsistency results in a waiver of that party's subsequent right to complain of the inconsistent special verdicts. Neither F.R.Civ.P. 49(a) nor the law of this Circuit has established any such rule of waiver.

In *Morrison v. Frito Lay, Inc.*, 546 F.2d 154 (5th Cir. 1977), we considered for the first time in a 49(a) submission the propriety of submitting an additional interrogatory to the jury in order to resolve ambiguous responses. We there held that the trial court *may* submit one or more supplemental interrogatories to the jury for the purpose of harmonizing apparent inconsistencies or ambiguities. Unlike *Morrison*, in the present case the parties did not move for resubmission, raising the inconsistency of the special interrogatories for the first time in the first amended motion for new trial. In our opinion we established that it was impossible for the court itself to resolve the inconsistencies, 665 F.2d at 66, and therefore we reversed and remanded for new trial the issues of breach of warranty and deceptive trade practices. In *Morrison*, we nowhere indicated that the failure to move for resubmission created a waiver. Note 10 of our opinion in *Morrison* is not to the contrary for both *Landry* and *Safeway Stores* consider waiver of the right to object to resubmission created by the failure to object at the time to the resubmission procedure.

In *Fugitt v. Jones*, 549 F.2d 1001 (5th Cir. 1977), we were presented with a challenge to the consistency of special verdicts under Rule 49(a) where the party had made no motion for directed verdict, j. n. o. v., or new trial. These words from that opinion emphasize what we did *not* hold in *Fugitt*.

It is a problem that Fugitt made no objection to the verdict nor sought to have the court return the jury to their deliber-

ations in the hope of resolving the inconsistency. However, this made Fugitt's case procedurally similar to the situation in *Griffin v. Matherne*, 471 F.2d 911 (5th Cir. 1973), in which no motion to correct an inconsistency in special verdict answers was made until after the jury had been discharged and the problem could not be solved by further jury deliberation. Although the plaintiff in *Griffin* did move the district court to set aside the verdict on the ground of inconsistency before the judgment appealed from was entered, there is no sound reason to predicate the right to review on such a formality. If the answers were legally inconsistent, the entry of judgment on such a special verdict embodies the same error as the denial of a motion to set aside the verdict or denial of a motion for a new trial.

*Griffin* pretermitted deciding whether reconsideration is a possibility under Rule 49(a) special verdict procedure.... However, this issue has just been resolved for this circuit in *Morrison v. Frito-Lay, Inc.*, ... which permits a court to return a jury for further deliberation to clarify their verdict where their special verdict answers are inconsistent. Clearly, it would be better practice for Fugitt to have timely moved for such reconsideration in the trial court. With the jury at hand, the mystery as to what truth they intended to speak by their verdict could be solved with relative ease. In light of the state of the law at the time Fugitt's case was tried, however, we decline to apply this failure as a bar to her appeal.

*Fugitt*, 549 F.2d at 1004–05.

Obviously—as it nearly always will be—it would have been better practice here for Defendant Long Manufacturing to have moved for resubmission or to have raised specifically the issue of inconsistent interrogatories prior to the dismissal of the jury. While there are many practices which we recommend parties follow, extolling the virtue of a procedure is not equivalent to mandating that it be followed with the dire consequence of waiver for failure to adopt the practice. We know of no case in this Circuit holding that inconsistencies in spe-

cial verdicts pursuant to F.R.Civ.P. 49(a) are waived if not raised prior to release of the jury.[1]

■ The second asserted error is that, there having been no objection to the instruction on damages, it was not permissible for us to hold the charge was erroneous.

But this assertion ignores how our ruling necessarily came about. Having determined that we could and would uphold the jury finding under strict liability (issue 3) and damages having been fixed (issue 4), the problem arose why would not this be a case in which—as we sometimes have done—we should remand for entry of a judgment for the plaintiff on the findings of (i) liability and (ii) damages. That

brought into direct question whether adopting the damages fixed by issue 4 would in effect allow recovery for elements not recoverable under strict liability. If that were to result it would be grossly unfair to Long since it would thereby be liable for consequences unsupported by requisite jury findings. By reviewing the damage instructions and the law of Texas concerning damages recoverable in strict liability, we determined such unfairness would result because the damage interrogatory, as constructed, did not differentiate between those items recoverable under the theory of strict liability (the theory which we uphold) and those recoverable under the theories of breach of warranty and violation of the

---

1. In *Stancill v. McKenzie Tank Lines, Inc.*, 497 F.2d 529 (5th Cir. 1974), we discussed the effect of failure to object to the form of the verdict or answers to interrogatories. That case, however, concerned the application of F.R.Civ.P. 49(b), rather than F.R.Civ.P. 49(a). Rule 49(b) specifically states that when the "answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict, judgment shall not be entered, but the court shall return the jury for further consideration of its answers and verdict or shall order a new trial." There is no such specific direction encompassed within Rule 49(a). In *Stancill*, the failure to object to the answers to the interrogatories and verdict occurred after the trial judge had "not only asked for objections before the jury," but "called the attorneys to confer at the bench concerning possible objections."

In *Employers Casualty Co. v. Dupaquier*, 338 F.2d 336 (5th Cir. 1964), this Court did not sanction waiver. Rather, we held that where a party had ample time to move for resubmission to a jury, but failed to do so, the court could reconcile answers to special interrogatories with the general verdict. Although this opinion does not specify whether the submission was pursuant to Rule 49(a) or Rule 49(b), the reference to an inconsistency between an answer to a special interrogatory and the jury's general verdict clearly reflects submission under Rule 49(b).

In *Safeway Stores, Inc. v. Dial*, 311 F.2d 595 (5th Cir.), *rehearing denied*, 314 F.2d 33 (5th Cir. 1963), we considered failure to object to the Court's decision to return the jury to reconsider its verdict. Thus, this case is not determinative of the issue raised by Mercer.

Our recent opinion in *Guidry v. Kem Manufacturing Co.*, 598 F.2d 402 (5th Cir.), *rehearing denied*, 604 F.2d 320 (5th Cir. 1979), *cert. denied*, 445 U.S. 929, 100 S.Ct. 1318, 63 L.Ed.2d 763 (1980), also supports our position. In that

case, while the parties failed to move for resubmission, we reversed due to inconsistent answers to special interrogatories.

> Trial counsel for either party might have obviated the necessity for this appeal and for the partial new trial that must ensue had they, before the case went to the jury, directed the court's attention to those issues or assisted the court by more careful attention to the specific questions framed by the court. *After the verdict, they could have sought resubmission to the jury.* On all of these matters, the trial judge is neither expected nor required to rely only on his own comprehension, thoroughness and prescience.

598 F.2d at 407 (emphasis added).

Although other courts have chosen to apply a waiver rule, *see, i.e., Skillin v. Kimball*, 643 F.2d 19 (1st Cir. 1981), this Court has not chosen to do so within the context of Rule 49(a). The legal error resulting from the entry of a judgment based on inconsistent special interrogatories is one which undermines the validity and integrity of the judgment and may, in fact, run afoul of the Seventh Amendment by allowing the District Court to usurp the jury's function. The Seventh Amendment creates a delicate balance.

> [I]f there is a view of the case which makes the jury's answers consistent, the court must adopt that view and enter judgment accordingly. . . . If on review of the District Court's judgment we find that there is no view of the case which makes the jury's answers consistent and that the inconsistency is such that the special verdict will support neither the judgment entered below nor any other judgment, then the judgment must be reversed and the cause remanded for trial anew.

*Griffin v. Matherne*, 471 F.2d 911, 915 (5th Cir. 1973).

Texas Deceptive Trade Practices Act (the theories which we found we must reverse for irreconcilable answers). 665 F.2d at 67–68, 70.

This led us to conclude: "Finding that the damage instruction was incorrect because it allowed the jury to include damages for economic loss contrary to Texas case law and strict liability, we must set aside the judgment on this third issue as well." 665 F.2d at 68.

We did not reverse because of error in the damage issue. We had to reverse because the damage issue allowed recovery for elements not within strict liability.

We reiterate our prior statement that the District Court on retrial should construct interrogatories and the general charge respecting them in such a way that the identifiably separate elements or kinds of damages are clearly stated for jury determination. 665 F.2d at 71. In that manner the court can then allow in the judgment those items recoverable under Texas law under one or more or all of the distinctive theories of strict liability, U.C.C., and deceptive practices. Had the special interrogatories in the original trial been framed in such a manner that the assessment of damages had been segregated for each theory of liability, we would willingly affirm both the finding of liability under strict liability and the award of damages. The occurrences in this case illustrate both the benefits and the pitfalls of F.R.Civ.P. 49(a). "It [Rule 49(a)] has its pitfalls, nearly all due to its virtues. Its capacity for precision, excision of fact and legal issues, is at once its danger area. For nothing is so wrong as imprecise precision nor so glaring as conflicting precision." *Brown, Federal Special Verdicts: The Doubt Eliminator*, 44 F.R.D. 338, 349. *See Guidry v. Kem Manufacturing Co.*, 598 F.2d at 405–08. The benefit in this case is our ability to uphold the finding of liability under the theory of strict liability. The pitfall, that of aggregating all damages together, leaves us unable to affirm the general award of damages.

REHEARING DENIED.