**Andrew BONIN; Richard Bonin, Plaintiffs–Appellants,**

v.

**TOUR WEST, INC., Defendant–Appellee.**

No. 88–1628.

United States Court of Appeals, Tenth Circuit.

Feb. 23, 1990.

D. David Lambert and Kevin J. Sutterfield, Howard, Lewis & Petersen, Provo, Utah, for plaintiffs-appellants.

Byron L. Stubbs, Salt Lake City, Utah, for defendant-appellee.

Before McKAY, SEYMOUR and TACHA, Circuit Judges.

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiffs-appellants appeal the district court's order of March 16, 1988. Plaintiffs commenced the underlying diversity action to recover damages for injuries they allegedly sustained in the course of a raft trip conducted by defendant-appellee guide company on the Snake River in Idaho.

Plaintiffs' claims were tried to a jury which rendered a special verdict setting forth answers to specific questions of fact, pursuant to Fed.R.Civ.P. 49(a), on June 17, 1987. Although the court did not enter judgment on the verdict, it instructed the parties to file any post-trial motions by June 22, 1987. Pursuant to the court's instructions, plaintiffs filed their motion for judgment notwithstanding the verdict or, alternatively, for new trial, on June 22, 1987. Plaintiffs contended therein that the jury's answers on the special verdict form were irreconcilably inconsistent and that a new trial was required under Fed.R.Civ.P. 49. The court denied plaintiffs' motion on October 13, 1987.

On November 18, 1987, the clerk of the court entered judgment on the jury verdict. Plaintiffs then filed a timely motion for additur. On December 29, 1987, the court orally vacated the judgment entered by the clerk and directed defendant's counsel to submit a proposed form of judgment. On March 16, 1988, the court entered an order denying plaintiffs' motion for judgment notwithstanding the verdict, or, alternatively, for new trial, denying plaintiffs' motion for additur, and entering judgment in favor of defendant and against plaintiffs based on the jury verdict.

Plaintiffs argue on appeal that the trial court erred in refusing to grant them a new trial in light of the jury's inconsistent answers. We review a trial court's ruling on a motion for new trial under an abuse of discretion standard. *Patty Precision Prods. Co. v. Brown & Sharpe Mfg. Co.*, 846 F.2d 1247, 1251 (10th Cir.1988). "Under the abuse of discretion standard, a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *United States v. Ortiz*, 804 F.2d 1161, 1164 n. 2 (10th Cir.1986).

Although the trial court did not set forth its reasons for denying plaintiffs' motion for new trial in its order of March 16, 1988, it did so in its order of October 13, 1987. The district court concluded therein that

the jury's negative answers to questions 1 and 2 on the special verdict form were not inconsistent with the jury's responses to questions 7 and 8 and, therefore, that a new trial was not necessary.

The verdict form, with the jury's answers enclosed in quotation marks, provided as follows:

1. Was the defendant, Tour West, Inc., negligent in causing the accident which injured plaintiff Andrew Bonin?

    Yes _____    No "X"

2. Was the defendant, Tour West, Inc., negligent in causing the accident which injured plaintiff Richard Bonin?

    Yes _____    No "X"

3. If you answered No. 1 above yes, answer this question: Was the defendant's negligence a proximate cause of the damages alleged by plaintiff Andrew Bonin?

    Yes _____    No _____

4. If you answered No. 2 above yes, answer this question: Was the defendant's negligence a proximate cause of the damages alleged by plaintiff Richard Bonin?

    Yes _____    No _____

5. Was plaintiff Andrew Bonin negligent in causing the accident which injured him?

    Yes "X"    No _____

6. Was plaintiff Richard Bonin negligent in causing the accident which injured him?

    Yes "X"    No _____

7. With respect to the accident which caused the injuries to Andrew Bonin, assuming the negligence of all the parties to be 100%, what degree of negligence is attributed to:

    A. Defendant Tour West, Inc.    "10" %

    B. Plaintiff Andrew Bonin    "90" %

    Total    100 %

8. With respect to the accident which caused injuries to Richard Bonin, assuming the negligence of all of the parties to be 100%, what degree of negligence is attributed to:

    A. Defendant Tour West, Inc.    "5" %

    B. Plaintiff Richard Bonin    "95" %

    Total    100 %

9. If you answered No. 3 above yes, answer this question: What amount would adequately compensate the plaintiff Andrew Bonin for the special damages alleged?    _____

10. If you answered No. 3 above yes, answer this question: What amount would adequately compensate the plaintiff Andrew Bonin for general damages?    _____

11. If you answered No. 4 above yes, answer this question: What amount would adequately compensate the plaintiff Richard Bonin for the special damages?    _____

12. If you answered No. 4 above yes, answer this question: What amount would adequately compensate the plaintiff Richard Bonin for general damages alleged?    _____

The district court, noting its "constitutional duty to reconcile apparent inconsistencies in the jury's verdict if at all possible," *Diamond Shamrock Corp. v. Zinke & Trumbo, Ltd.*, 791 F.2d 1416, 1431 (10th Cir.) (McKay, J., dissenting in part and concurring in part), *cert. denied*, 479 U.S. 1007, 107 S.Ct. 647, 93 L.Ed.2d 702 (1986), determined:

[T]he reference in the Special Verdict which attributes and apportions a small degree of negligence to defendant is not inconsistent with the definitive initial finding by the jury that defendant was not negligent "in causing the accident" which injured the plaintiffs. It is clear from that response in the Special Verdict that the jury found that defendant Tour West, Inc. did not cause the injuries of either plaintiff. The evidence presented at trial supports such a finding.

(Record Vol. I, Doc. 69 at 2–3.) In so holding, the court apparently was attempting to make a distinction between negligence which caused the accident and negligence which caused plaintiffs' injuries.

On appeal, defendant argues that we should recognize a similar distinction. Defendant contends that

[w]hat the jury actually said when they answered questions 7 and 8 and not questions 9, 10, 11, and 12, was that the defendant Tour West was slightly negligent with respect to the cause of the accident, but that Tour West's negligence was not the actual or proximate cause of any of the injuries complained of by plaintiffs.

(Brief of Appellee at 6–7.)

As a preliminary matter, defendant asserts that plaintiffs have waived their right to contest any inconsistencies in the jury's answers. Defendant argues that plaintiffs should have brought the alleged inconsistencies to the court's attention before the jury was discharged so that the court could have sent the jury back for further deliberations. Having failed to object before the jury was dismissed, defendant contends that plaintiffs waived their right to challenge any inconsistencies in the verdict in a motion for new trial or on appeal. In so arguing, defendant relies upon the provisions of Fed.R.Civ.P. 49(b) and cases construing that rule, including dicta in *Diamond Shamrock*, 791 F.2d at 1423. (Brief of Appellee at 10–13.)

Rule 49(b), concerning the submission to a jury of a general verdict coupled with written interrogatories, provides that when

the jury's "answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict, judgment shall not be entered, but the court shall return the jury for further consideration of its answers and verdict or shall order a new trial." Fed.R.Civ.P. 49(b). A number of courts have held that when a jury renders a verdict in the form described in Rule 49(b), a party must object to any inconsistencies in the verdict before the jury is discharged. If a party fails to object before the jury is discharged, he waives any future challenge to the inconsistency because his failure to make a timely objection deprives the court of the option of sending the jury back for further deliberations. *See, e.g., Stancill v. McKenzie Tank Lines, Inc.*, 497 F.2d 529, 535 (5th Cir.1974); *Ludwig v. Marion Laboratories, Inc.*, 465 F.2d 114, 118 (8th Cir.1972).

The court, here, did not submit a general verdict coupled with written interrogatories under Rule 49(b) to the jury. Rather, the court gave the jury a special verdict in the form described in Rule 49(a). Unlike Rule 49(b), Rule 49(a) does not contain a specific direction to send the jury back for further deliberations in the event of an inconsistency in the jury's answers. *See* Fed.R.Civ.P. 49(a). Therefore, Rule 49(a) does not require a party to object to the inconsistencies in a jury's answers to a special verdict before the jury is discharged in order to preserve his right to challenge the inconsistencies in a subsequent motion or on appeal. *See Pierce v. Southern Pacific Transp. Co.*, 823 F.2d 1366, 1370 (9th Cir. 1987); *Ladnier v. Murray*, 769 F.2d 195, 198 n. 3 (4th Cir.1985); *Malley–Duff & Assocs., Inc. v. Crown Life Ins. Co.*, 734 F.2d 133, 145 (3d Cir.), *cert. denied*, 469 U.S. 1072, 105 S.Ct. 564, 83 L.Ed.2d 505 (1984); *Alverez v. J. Ray McDermott & Co.*, 674 F.2d 1037, 1040 (5th Cir.1982); *Mercer v. Long Mfg. N.C., Inc.*, 671 F.2d 946, 947–48 and n. 1 (5th Cir.1982) (*per curiam on petition for reh'g en banc*); *but see Golub v. J.W. Gant & Assocs.*, 863 F.2d 1516, 1521 n. 4 (11th Cir.1989) ("In this circuit, all challenges to the consistency of special verdicts must be raised before the jury is excused.").

Turning to the merits of the appeal, we disagree with the district court's and defendant's attempted reconciliation of the jury's inconsistent answers. A reading of the entire special verdict form submitted to the jury here shows that the jury's answers are inconsistent and cannot be reconciled. The language of questions 1 and 2 ("accident which injured plaintiff") is too similar to the language of questions 7 and 8 ("accident which caused injuries to [plaintiff]") to hold that the jury's answers to those questions distinguish between negligence that caused the accident and negligence that caused the injuries.

We also reject defendant's argument that the jury's answers to questions 3 through 12 on the special verdict form are merely "superfluous information" and should be disregarded. (Brief of Appellee at 6.) To disregard the jury's answers to all but questions 1 and 2 would be to treat those two questions as general verdicts. The jury was given a special verdict containing twelve questions of fact under Fed. R.Civ.P. 49(a). The answers to those twelve questions must be read together to arrive at the appropriate judgment on the special verdict.

When the answers to all the questions set forth in the special verdict are read together, the inconsistencies in the verdict are both apparent and irreconcilable. Therefore, a new trial must be ordered. *See Tanno v. S.S. President Madison Ves*, 830 F.2d 991, 992 (9th Cir.1987); *Federal Deposit Ins. Corp. v. Munn*, 804 F.2d 860, 866 (5th Cir.1986); *Ladnier v. Murray*, 769 F.2d at 198.

Accordingly, the judgment of the United States District Court for the District of Utah is REVERSED and REMANDED for further proceedings not inconsistent with this opinion.