**Eileen WHITLOCK, Administrator of the Estate of Richard Allen Gaisor, Plaintiff,**

v.

**Donald R. JACKSON, et al., Defendants.**

**No. IP 88–977–C.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

Jan. 16, 1991.

Michael K. Sutherlin, Indianapolis, Ind., for plaintiff.

David A. Nowak, Deputy Atty. Gen., Indianapolis, Ind., for defendant Jackson.

Thomas Carusillo, City–County Legal Div., Indianapolis, Ind., for defendants Thompson and Cress.

## ORDER ON MOTION FOR ADDITUR OR FOR NEW TRIAL

McKINNEY, District Judge.

This action was brought brought by Eileen Whitlock, as administratrix of the estate of her brother, Richard Gaisor. The suit alleged that on August 20, 1986, the defendants arrested Gaisor and inflicted serious injuries that caused his death. The suit alleged numerous violations of both state and federal laws, and sought compensatory and punitive damages. Following a trial, the jury returned a verdict in favor of the plaintiff and against the defendants for the sum of $29,700.

The plaintiff now argues that inconsistencies in the jury's answers to special interrogatories require an additur or, in the alternative, a new trial. The plaintiff's motion raises two broad issues. First, did the plaintiff's failure to object to the alleged inconsistencies constitute a waiver, thus preventing review? Second, if no waiver occurred, are there in fact inconsistencies in the interrogatories that require a new trial? [1]

### A. *Waiver*

The defendants assert that the plaintiff's failure to object to the allegedly inconsistent answers to interrogatories prior to the jury's discharge constitutes waiver of the issue. In support of this argument, the defendants cite *Strauss v. Stratojac Corp.*, 810 F.2d 679 (7th Cir.1987), wherein the Seventh Circuit held that the failure to raise a timely objection did indeed constitute a waiver pursuant to Rule 49(b).[2] *Id.* at 682. Citation to *Strauss*, however, presupposes either that the special interrogatories in the case at bar were submitted under Rule 49(b), or that the waiver doctrine is equally applicable under both Rule 49(a) and (b).

Rule 49(a) governs "special verdicts," and states in relevant part that district courts may require a jury to return "a special written finding upon each issue of fact … or it may use such other method of submitting the issues and requiring the written findings thereon as it deems most appropriate." Rule 49(b) governs "general verdicts accompanied by answers to interrogatories," and provides in part that a district court "may submit to the jury, together with the appropriate forms for a general verdict, written interrogatories upon one or more issues of fact…."

In the case at bar the Court did not clearly indicate whether it was proceeding under Rule 49(a) or (b). The "verdict form" submitted to the jury in this cause contained numerous specialized questions, requiring either a "yes" or "no" answer or an amount of damages. However, no actual verdict was given to the jury, and the "final verdict" in this case was completed by the Court.

In *Bonin v. Tour West, Inc.*, 896 F.2d 1260, 1262 (10th Cir.1990), the district court used a verdict form that mirrors the form used in the case at bar. The verdict form in *Bonin* required the jury to answer "yes" or "no" to questions regarding negligence, proportion fault among the parties, and then assess damages. *Id.* The defendant in *Bonin* argued that the plaintiffs waived their right to contest any inconsistencies in the jury's answers because no objection was made prior to the discharge of the jury. In reviewing the verdict form, the court of appeals stated, "The court, here, did not submit a general verdict coupled with written interrogatories under Rule

---

**1.** The plaintiff also proposes that, in the alternative, the Court order an additur to the judgment. The Court, however, does not view this as a viable alternative. Because there exists a dispute in this case regarding the proper amount of damages, additur is generally improper. *See Taylor v. Green*, 868 F.2d 162, 164–65 (5th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 127, 107 L.Ed.2d 87 (1989) (citing U.S. Const. amend VII, and *Dimick v. Schiedt*, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603 (1935), for authority prohibit-

ing the use of additur except where the amount of damages is undisputed).

**2.** In addition, the court in *Strauss* qualified its holding somewhat, stating, "We realize that, at some future date, we might encounter a case where the inconsistency in the special interrogatories is so obvious that it would be proper to hold that the trial judge had an independent responsibility to act despite trial counsel's silence. *Id.* at 683.

49(b) to the jury. Rather, the court gave the jury a special verdict in the form described in Rule 49(a)." *Id.* at 1263.

Similarly, the procedure employed by this Court closely parallels the procedure employed under Rule 49(a). This is especially true in that no "general verdict" was given to the jury, and that Rule 49(a) provides the more flexible approach whereby a district court may require "special written finding(s) upon each issue of fact" or it may use "such other method … as it deems most appropriate."

While the need to distinguish between Rule 49(a) and (b) may appear inconsequential, it is in fact critical. As the court went on to say in *Bonin:*

> Unlike Rule 49(b), Rule 49(a) does not contain a specific direction to send the jury back for further deliberations in the event of an inconsistency in the jury's answers. Therefore, Rule 49(a) does not require a party to object to the inconsistencies in order to preserve his right to challenge the inconsistencies in a subsequent motion or on appeal.

*Id.* (citation omitted).

Thus, the defendants' reflexive citation to *Strauss* and the Rule 49(b) standard is incorrect if the *Bonin* analysis is applied in the Seventh Circuit. Unfortunately, this issue has not been clearly resolved. In *Bates v. Jean,* 745 F.2d 1146, 1150 (7th Cir.1984), the Seventh Circuit ruled that a *pro se* plaintiff who failed to object to inconsistent verdicts under Rule 49(a) was not precluded from arguing inconsistency on appeal. However, the plaintiff's *pro se* status was the motivation for the appellate court's ruling, not the application of Rule 49(a).

In fact, the *Bates* court noted that the circuit courts of appeal are split on their interpretation of the waiver doctrine under Rule 49(a), and expressly refused to decide the issue. On this point the Seventh Circuit stated:

> There is a split in the circuits over whether failure to raise the inconsistency of special verdicts given under Rule 49(a), in the trial court, waives consideration of that issue on appeal. This court has not

yet considered the waiver issue when special verdicts are inconsistent with each other in the absence of a general verdict, nor have we ruled on the manner of preserving error under Rule 49(a). We need not decide these issues at this time, since the plaintiff was acting *pro se* in the trial court. Usually we will accord such *pro se* litigants somewhat greater flexibility than attorneys, and we have decided to do so in this fact situation.

\*      \*      \*      \*      \*   ·   \*

> We find that this *pro se* litigant, under the limited fact situation presented in this case, has not waived our consideration on appeal of the inconsistency of the two special verdicts.

*Id.* (citations omitted).

The split among the circuits is apparent. For example, the Third, Fourth, Fifth, and Ninth Circuits have held that the failure to object does not result in waiver. *See Malley–Duff & Assoc., Inc. v. Crown Life Ins. Co.,* 734 F.2d 133 (3d Cir.), *cert. denied,* 469 U.S. 1072, 105 S.Ct. 564, 83 L.Ed.2d 505 (1984); *Ladnier v. Murray,* 769 F.2d 195 (4th Cir.1985); *Alverez v. J. Ray McDermott & Co.,* 674 F.2d 1037 (5th Cir.1982); *Pierce v. Southern Pacific Transp. Co.,* 823 F.2d 1366 (9th Cir.1987); *see also Minpeco, S.A. v. Hunt,* 718 F.Supp. 168 (S.D.N.Y.1989). However, the First and Eleventh Circuits have applied the waiver doctrine in this setting. *See Skillin v. Kimball,* 643 F.2d 19 (1st Cir.1981); *Itel Capital Corp. v. Cups Coal Co.,* 707 F.2d 1253 (11th Cir.1983).

Absent a clear directive on the waiver issue from the Seventh Circuit, this Court is instructed to give "respectful consideration" to the decisions of other circuits. *Colby v. J.C. Penney Co., Inc.,* 811 F.2d 1119, 1123 (7th Cir.1987); *Richards v. Local 134, Int'l Brotherhood of Electrical Workers,* 790 F.2d 633, 636 (7th Cir.1986). Given the split in the circuits, this consideration requires chosing one alternative over another. For several reasons, this Court is compelled to reject waiver under Rule 49(a).

First, the greater weight of authority supports rejecting the waiver approach. The majority of the circuits so hold, and it is respectfully submitted that those circuits holding otherwise have done so on insufficient authority. For example, in applying waiver in *Itel*, 707 F.2d at 1261, the Eleventh Circuit cited *Stancill v. McKenzie Tank Lines Inc.*, 497 F.2d 529 (5th Cir. 1974), a case decided pursuant to Rule 49(b). *See also Golub v. J.W. Gant & Associates*, 863 F.2d 1516, 1520–21 n. 4 (11th Cir.1989) (again finding waiver under Rule 49(a) and citing to *Itel* and *Stancill*, but this time noting that *Stancill* is a Rule 49(b) case). Moreover, in finding waiver in *Skillin*, 643 F.2d 19, the First Circuit spoke of the "special procedures of Rule 49," and made no distinction between Rule 49(a) and (b).

The second reason compelling this Court to reject waiver as a bar involves the Seventh Amendment. It has been said that the Seventh Amendment creates a "delicate balance" between judge and jury which must be maintained, as explained in *Mercer v. Long Mfg. N.C., Inc.*, 671 F.2d 946, 948 n. 1 (5th Cir.1982). The *Mercer* court stated:

> The legal error resulting from the entry of a judgment based on inconsistent special interrogatories is one which undermines the the validity and integrity of the judgment and may, in fact, run afoul of the Seventh Amendment by allowing the District Court to usurp the jury's function. The Seventh Amendment creates a delicate balance.

*Id.*

Finally, the language of Rule 49(a) and (b) differs in a pivotal way, thus supporting waiver only under Rule 49(b) practice. Rule 49(b) states in relevant part, "When the answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict, judgment shall not be entered, but the court shall return the jury for further consideration of its answers and verdict or shall order a new trial." Rule 49(a) is devoid of any direction that the jury shall be returned "for further consideration." Given that Rule 49(a) does not provide for this procedure, it is difficult to understand how the failure to object waives any rights under the Rule.

In commenting on practice under Rule 49(a), one scholar has flatly stated, "It would appear that a party does not waive his right to object to inconsistencies in the special interrogatories on appeal if he does not object at trial." 5A J. Moore & J. Lucas, *Moore's Federal Practice* § 49.03[4] (2d ed. 1990). For all the foregoing reasons, this Court agrees. Accordingly, the plaintiff has not waived the right to challenge alleged inconsistencies in the special interrogatories.

### B. *Alleged Inconsistencies*

Having found no waiver occurred, the Court must address the plaintiff's claim of inconsistencies in the special interrogatories.

This cause was put to the jury against three defendants: Indiana State Police Sgt. Donald Jackson, and Marion County Sheriff Deputies Glenn Thompson and Terrence Cress. Recovery was sought against defendant Jackson on the basis of the Fourth Amendment (unreasonable excessive force in a seizure), the Fifth and Fourteenth Amendments (denial of medical treatment in violation of due process), wrongful death, and assault and battery. Recovery was sought against defendants Cress and Thompson under the Fifth and Fourteenth Amendments (excessive force in violation of due process), wrongful death, and assault and battery.

The jury declined to hold the defendants liable for any constitutional violations, nor did the jury find the defendants' acts to have proximately caused the death of Gaisor, who died from a ruptured aneurism. Instead, the jury found the defendants liable for battery only, and awarded compensatory damages of $3,700 against Jackson, $1,500 against Cress, and $2,000 against Thompson. Additionally, the jury awarded punitive damages of $10,000 against Jackson, $4,000 against Cress, and $8,500 against Thompson. Judgment was entered accordingly.

The plaintiff's motion argues an inconsistency exists in that the jury awarded punitive damages, but failed to find a violation of constitutional proportions. The plaintiff argues that the "verdict form is inconsistent in that it must have simultaneously found that the actions of the defendants violated the constitutional rights of the plaintiff."

■ The starting point for resolving this issue is that in considering a motion for a new trial the Court is required to harmonize the answers on a special verdict if possible under a fair reading of them. *Gallick v. Baltimore and Ohio R.R. Co.*, 372 U.S. 108, 119, 83 S.Ct. 659, 666, 9 L.Ed.2d 618 (1963). In addition, the Court must search for a reasonable way to read the verdicts as expressing a coherent view of the case, *Toner v. Lederle Laboratories*, 828 F.2d 510, 513 (9th Cir.1987), *cert. denied*, 485 U.S. 942, 108 S.Ct. 1122, 99 L.Ed.2d 282 (1988), and if there is any way to view a case that makes the jury's answers to the special interrogatories consistent, they must be resolved that way even if strained. *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 364, 82 S.Ct. 780, 786, 7 L.Ed.2d 798 (1962).

In the case at bar, the plaintiff essentially argues that it was inconsistent for the jury to have found that the defendants battered the plaintiff, and that the defendants should be liable for punitive damages, but not find the defendants liable for torts of a constitutional magnitude. The Court disagrees, as demonstrated by reviewing the jury's findings as to each defendant.

■ As for defendant Jackson, the jury found his conduct constituted battery, but declined to find unreasonable excessive force in a seizure (Fourth Amendment), or a denial of medical treatment violative of due process (Fifth and Fourteenth Amendments). The defendant correctly points out that the evidence supports a finding that Jackson struck Gaisor after Gaisor was handcuffed and in police custody. Thus, it was not inconsistent for the jury to find that the *seizure* was lawfully conducted, but that *thereafter* Jackson battered Gaisor.[3]

This analysis relies on the premise that the Fourth Amendment protects against unreasonable force during an arrest, but that after the arrest has been effected the Fourth Amendment drops out and Fifth Amendment substantive due process protections are triggered. While more recent cases emphasize the Fourth Amendment approach, the Supreme Court has refused to foreclose a due process analysis, recently stating, "Our cases have not resolved the question of whether the Fourth Amendment continues to provide individuals with protection against the deliberate use of excessive force beyond the point at which arrest ends and pretrial detention begins, and we do not attempt to answer that question today." *Graham v. Connor*, 490 U.S. 386, 395 n. 10, 109 S.Ct. 1865, 1871 n. 10, 104 L.Ed.2d 443 (1989).[4]

Thus, no legal reason prevented the jury from denying relief on Fourth Amendment grounds if it found that Gaisor was battered after his seizure was effected. Given that the jury's conclusions can be so reconciled, the Court will not inquire further. If the plaintiff had sought recovery from Jackson on the basis of Fifth Amendment substantive due process for use of unreasonably excessive force, an instruction reflecting this fact should have been submitted, and an objection should have been

---

**3.** A "seizure" triggering the Fourth Amendment's protections occurs when "a person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Brower v. County of Inyo*, 489 U.S. 593, 600, 109 S.Ct. 1378, 1383, 103 L.Ed.2d 628 (1989) (Stevens, J., concurring in the judgment but rejecting the requirement of "intent" under the Fourth Amendment). Clearly a seizure occurred in the case at bar regardless of whether Justice Stevens' approach is used or intent is required.

**4.** The Seventh Circuit has observed that the "line between arrest and pretrial detention is not always clear." *Lester v. Chicago*, 830 F.2d 706, 713 n. 7 (7th Cir.1987).

made if the Court failed to offer the tendered instruction.[5]

■ Moreover, the fact that Jackson battered Gaisor and was assessed punitive damages does not also require a finding that Jackson denied Gaisor medical treatment in violation of the Fifth and Fourteenth Amendments. To the contrary, the evidence supports a finding that after striking Gaisor defendant Jackson left the scene and had no additional involvement in securing medical treatment for Gaisor. The jury thus could have found that any delay in securing medical treatment that might have been caused by Jackson's acts or omissions was not sufficient to rise to the level of a constitutional violation. Accordingly, no inconsistency exists in regard to the findings regarding Jackson.

■ The same result is required as to defendants Thompson and Cress. Again the jury found these defendants culpable for battery only, and declined to find a due process violation under the Fifth and Fourteenth Amendments for unreasonable use of excessive force to restrain Gaisor. Pursuant to the instructions given in this case, the jury was told *inter alia* that a battery involved an intentional touching in a "rude, insolent, or angry manner" (Inst. No. 22), whereas the due process claim required a finding that the defendants "unreasonably and recklessly used excessive force" against Gaisor (Inst. No. 19).

It was not inconsistent for the jury to find a state law battery violation, and to additionally find that the defendants did not violate the Constitution by using unreasonably excessive force. A plaintiff's constitutional protection "is not co-extensive with that afforded the common law tort action for battery." *Santiago v. Yarde,* 487 F.Supp. 52, 54 (S.D.N.Y.1980). The often-stated rule applicable here is that not every wrong rises to the level of a constitutional violation for the purposes of 42 U.S.C. § 1983. *See, e.g., Daniels v. Williams,* 474 U.S. 327, 335, 106 S.Ct. 662, 667, 88 L.Ed.2d 662 (1986) (stating not all common law duties owed by government

actors were "constitutionalized" by the Fourteenth Amendment); *Hutcherson v. Smith,* 908 F.2d 243, 246 (7th Cir.1990) (upholding dismissal of § 1983 action seeking redress for state tort claim).

■ The imposition of punitive damages in this case presents a much closer question, but does not alter the result. The punitive damages instruction given to the jury (Inst. No. 33) allowed for the imposition of punitive damages for various alternative reasons, including "malice." The instructions and special interrogatories allowed the jury to find the defendants intentionally touched Gaisor in a rude manner, and that this was done with malice, yet determine that this touching did not involve unreasonably reckless and excessive force.

Such a determination is not necessarily inconsistent given the conflicting nature of the testimony. The number of times the defendants struck Gaisor was in dispute, as was the amount of force used. Given that this Court must make every effort to view the jury's answers to the special interrogatories as consistent, *Atlantic in Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.,* 369 U.S. 355, 364, 82 S.Ct. 780, 786, 7 L.Ed.2d 798 (1962), the jury could properly have believed the defendants' version that only minimal force was used, and that reckless and excessive force was not involved.

The answers to interrogatories imply that the jury found the force used on Gaisor constituted battery and involved malice. This is not the same as finding the force was constitutionally excessive. The fact that the jury found the defendants' acts were not the proximate cause of Gaisor's death speaks loudly on this point. Accordingly, the jury could have found that Thompson and Cress each struck a blow to Gaisor, and did so maliciously, yet concluded that such conduct did not involve reckless and excessive force. In other words, evidence of a single blow of modest force delivered with malicious intent might not carry the day on a claim that the defen-

---

5. As discussed *infra,* the jury was asked whether defendants Thompson and Cress violated Gai-
sor's Fifth and Fourteenth Amendment rights by using excessive force.

dants' conduct on the whole involved reckless and excessive force.

Furthermore, the jury was instructed that it could award punitive damages "to deter others from like offenses" (Inst. No. 33). Therefore, the award of punitive damages in this case could have been rooted in a desire to deter other police officers from engaging in similar batteries. Arguably this "deterrent" aspect of punitive damages involves a *reason* for awarding punitive damages, which comes into play only after the jury has found malice or the like. Nevertheless, the jury was entitled to award punitive damages as a deterrent to others without finding the defendants' conduct constitutionally prohibited.

Thus, it is speculation to graft upon the jury's imposition of punitive damages the additional conclusion that Gaisor's constitutional rights were violated. To so hold, in view of the plaintiff's argument, would have required instructing the jury that if it found that Gaisor was battered, and if it found that punitive damages were appropriate, it also must find Fifth and Fourteenth Amendment violations. The plaintiff has not presented this Court with any supporting authority for such an instruction.

Lost in the plaintiff's argument for a new trial is an understanding of the message contained in the jury's verdict. The plaintiff's complaint sought recovery on the basis of alleged constitutional violations, wrongful death, and state tort claims. The jury returned a verdict in the plaintiff's favor on the battery claim only, plus a modest award of punitive damages. The evidence showed that on the night of Gaisor's arrest, he had been drinking, he disobeyed a police directive to discard a whiskey bottle, and was combative with police, both at the time of his arrest and later at the hospital.

Accordingly, in awarding approximately $30,000 in damages, including an award of punitive damages, the jury stated that Gaisor had been wronged, and that the defendants acted improperly. However, the jury verdict is just as significant for what it did not say. It did not say that Gaisor's constitutional rights were violated, or that the defendants were responsible for Gaisor's death. The answers to interrogatories reflect this fact and are not inconsistent.

### C. *Conclusion*

In conclusion, the Court finds that the plaintiff did not waive the right to object to any alleged inconsistencies in the special interrogatories. However, the Court has reviewed the jury's responses to these interrogatories and for the reasons discussed herein finds that they may be viewed as consistent.

Accordingly, the plaintiff's motion for additur or for a new trial is DENIED.

IT IS SO ORDERED.