Edward G. FREY, Plaintiff,

v.

ALLDATA CORP., Defendant.

Civ. A. No. 94–C–0294.

United States District Court,
E.D. Wisconsin.

July 28, 1995.

Jon Deitrich, Adelman, Adelman & Murray, S.C., Milwaukee, WI, for plaintiff.

Robert L. Rediger, Cook, Brown, Rediger & Prager, Sacramento, CA, for defendant.

## DECISION AND ORDER

REYNOLDS, District Judge.

Edward Frey won a hollow victory. Convincing the jury of liability only half-achieved his goal, for the jury found zero compensatory damages. As a further twist, the jury awarded Frey $165 in punitive damages. Even this consolation, however, was ephemeral because the special verdict form told the jury to assess punitive damages only if the jury found at least a dollar in compensatory damages. After excusing the jury, the court struck the punitive damage award. Frey now moves for a new trial, to amend the judgment, and for attorney's fees. The court denies all three motions.

### FACTS

Frey began working as a salesperson for Alldata, a computer company, in January 1992. Soon, he suffered a rheumatoid arthritis attack. In October 1992, Frey asked Alldata, as an accommodation for his disability, for a collapsible cart for sales presentations or to be made a telemarketer. Alldata refused, and, on December 2, 1992, Alldata fired Frey. Alldata claimed it fired Frey for

his poor performance; he had not made any sales in October and November.

Frey filed suit, alleging disability discrimination. The case went to trial on May 2, 1995. The court submitted four special verdict questions to the jury. The first question asked the jury if Frey's disability was the motivating factor in Alldata's decision to terminate Frey. The second question asked if Alldata failed to make reasonable accommodations for Frey's disability. Then, the special verdict form told the jury "if you answered yes to either Question No. 1 or Question No. 2, or both, then go to Question No. 3." Question 3 asked what, if any, compensatory damages should be awarded. Before moving to question four, the special verdict form stated "If you awarded compensatory damages of any amount, go to Question 4." Question 4 asked what punitive damages, if any, should be awarded. In reading the special verdict form to the jury, the court elaborated, "And then if you award compensatory damages of any amount, that is a dollar or more, then you can consider or go on and answer Question No. 4." Trans. (emphasis added).

The plaintiff never objected to predicating punitive damages on compensatory damages. In less than two hours, the jury returned with its verdict, finding liability on the accommodation claim only, no compensatory damages, and $165 in punitive damages. During its deliberation, the jury did not ask the court to clarify the instructions. The court confirmed the jury's verdict. The plaintiffs did not ask the court to resubmit the issues to the jury. On the defendant's motion, the court struck the punitive damage award.

### *Analysis*

#### I. *Motion for a Partial New Trial*

First, the plaintiff moves for a new trial on damages, arguing that the special verdicts are contradictory. On the one hand, the jury found no compensatory damages; on the other hand, it proceeded, contrary to the court's instruction, to award punitive damages. The court denies the motion because the plaintiff waived this issue when he did not ask the court to reinstruct the jury after the jury returned with the verdict but before the court excused the jury. Even if the plaintiff

had not waived this issue, the jury's answer to question four does not contradict its answer to question three.

■ The decision to grant a new trial is within the court's discretion. The court submitted this case to the jury on special verdicts under Rule 49(a) of the Federal Rules of Civil Procedure. While the Seventh Circuit has not reached the issue, *Bates v. Jean,* 745 F.2d 1146, 1150 (7th Cir.1984), other circuits are split on whether a party must object to inconsistent verdicts under Rule 49(a) before the jury is dismissed. Some courts require the plaintiff to object before the jury is dismissed so that the trial judge has the option to resubmit the issue to the jury for clarification. *Peckham v. Continental Cas. Ins. Co.,* 895 F.2d 830 (1st Cir.1990). Other courts reject that approach because Rule 49(a) is silent about a party's responsibility. *Bonin v. Tour West Inc.,* 896 F.2d 1260 (10th Cir.1990).

■ This case exemplifies the need to require an objection before the jury is dismissed; otherwise, a party may shop for a new jury. The plaintiff could have asked the court to explain the error to the jury and have the jury reconsider its verdict. In all likelihood, the jury would have found either no damages or $165 in compensatory damages. If the plaintiff receives a new trial on damages, the outcome can be no worse than if the court had reinstructed the jury, but the second jury may award more than $165 in damages. To avoid costly litigation when small damages are at stake and to prevent jury-shopping, this court believes that a party must object to inconsistent verdicts under Rule 49(a) before the jury disbands. Therefore, the plaintiff has waived this objection.

■ Even if the plaintiff may now raise this objection, the court denies the motion for a new trial because the answer to question four is superfluous, not contradictory. When special verdicts are logically inconsistent, the court must either reinstruct the jury or grant a new trial. *Bates,* 745 F.2d at 1152. The court cannot choose between the competing verdicts. *Gordon v. Degelmann,* 29 F.3d 295, 298 (7th Cir.1994). But, before granting a new trial, the court must make every effort

to reconcile the apparent contradiction. *Bates,* 745 F.2d at 1152. Some failures to follow the jury instructions differ from logically contradictory verdicts.

■ Logically inconsistent verdicts cancel out each other. In *Bates,* the jury found that the defendant knowingly violated the plaintiff's rights but that the defendant acted in good faith. *Id.* at 1149. The defendant could act in good faith only if he did not know he was violating the plaintiff's rights. *Id.* at 1151. Because the findings contradicted one another, the Seventh Circuit granted the plaintiff a new trial. *Id.* at 1156.

■ Failing to follow the court's instructions may create only superfluous information, not a logical contradiction. *Floyd v. Laws,* 929 F.2d 1390 (9th Cir.1991). In *Floyd,* the jury found that the defendant was not liable for damages. As stated on the special verdict form, if the jury found no damages, it was to skip the remaining questions and sign the form. Instead, the jury answered the next question, finding $7,500 in damages. 929 F.2d 1390 (9th Cir.1991). The court rejected the answer on the amount of damages, and the Ninth Circuit affirmed. *Id.* at 1400. Because the analysis should have stopped once the jury found no damages, the answer as to the amount of damages was superfluous. *Id.* at 1399–1400; *see also Kavanaugh v. Greenlee Tool Co.,* 944 F.2d 7 (1st Cir.1991); *White v. Grinfas,* 809 F.2d 1157, 1161 (5th Cir.1987); *Tanno v. S.S. President Madison Vessel,* 830 F.2d 991, 993 (9th Cir.1987) (holding that the trial court can ignore marginal comments, written by the jury, on the verdict form); *Peden v. Suwannee County Sch. Bd.,* 837 F.Supp. 1188 (M.D.Fla.1993) (Award of punitive damages without liability or compensatory damages was a nullity not an inconsistency). Although the jury disregarded the court's plain instruction, there was no evidence of confusion. By doing so, the jury gave more information than was necessary.

Like the jury in *Floyd,* this jury did not follow the court's instructions by assessing punitive damages after finding zero compensatory damages. The answer on punitive damages is superfluous, it is legally impossible, not logically inconsistent. Although the

jury decided that the plaintiff suffered no compensatory damages, it also may have decided that the defendant deserved to be punished for its willful refusal to accommodate the plaintiff. Thereby, the jury expressed its punishment by awarding $165 in punitive damages. Unlike *Bates*—where the defendant could not both act in good faith and knowingly violate the defendant's rights—the two questions do not cancel out each other. Without a logical contradiction, the verdict stands, and the court denies the defendant's motion for a partial new trial on damages.

## II. Motion to Amend the Judgment

■ Next, the plaintiff moves the court to reinstate the punitive damages award and to award injunctive relief. In striking the punitive damages award, the court was abiding by the jury instructions. As long as the special verdict stated the law accurately, the court must deny the motion to amend the judgment. Because the plaintiff never objected to the special verdict, the plaintiff has waived the right to challenge that instruction in a post-trial motion. *See Pielet v. Pielet,* 686 F.2d 1210 (7th Cir.1982).

■ The court also denies the plaintiff's motion for injunctive relief. Under 42 U.S.C. § 2000e–5, the court may enjoin discriminatory practices or order the defendant to take affirmative action if the defendant has intentionally engaged in an unlawful employment practice. Although the plaintiff wants the defendant to initiate a procedure to handle accommodation requests, the plaintiff has neither outlined the procedure, beyond citing administrative regulations, nor explained why the procedure would work. Because the court will not make arguments for the litigants, the court denies the motion for injunctive relief. *See Gold v. Wolpert,* 876 F.2d 1327, 1333 (7th Cir.1989).

## III. Motion for Attorney's Fee

■ Under the Americans with Disabilities Act, the court may award reasonable attorney's fee to the prevailing party. 42 U.S.C. § 12205. A party must show it has prevailed and that its fee request is reasonable. *Farrar v. Hobby,* —— U.S. ——, ——,

——, 113 S.Ct. 566, 573, 574, 121 L.Ed.2d 494 (1992). To prevail, a party must succeed on any significant issue in litigation and obtain a result that affects the defendant's behavior towards the plaintiff. Because the plaintiff is not a prevailing party, the court need not consider whether the plaintiff's request is reasonable.

■ Despite succeeding on a significant issue—the reasonable accommodation claim—the plaintiff did not change the legal relationship between the parties. The plaintiff won neither compensatory damages nor even nominal damages, and, as a matter of law, without compensatory damages, the plaintiff could not win punitive damages.[1]

■ Success does not always require a formal monetary judgment; a plaintiff may prevail by obtaining a settlement or injunctive relief. *Hewitt v. Helms,* 482 U.S. 755, 760–761, 107 S.Ct. 2672, 2675–76, 96 L.Ed.2d 654 (1987). Here, the court has rejected awarding injunctive relief. Even if the court had granted injunctive relief, the plaintiff would not be a prevailing party. Injunctive relief satisfies the prevailing party requirement only when that relief affects the defendant's relationship to the plaintiff. *Rhodes v. Stewart,* 488 U.S. 1, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988) *(per curiam ).* Because the plaintiff no longer works for the defendant, the injunctive relief (that the defendant create a procedure to deal with accommodation requests) could not apply to the plaintiff.

The court DENIES the plaintiff's motions for a new trial, to amend the judgment and for attorney's fees.

**SO ORDERED.**

---

**1.** Even if the plaintiff had objected to the jury instructions and argued that punitive damages do not require compensatory damages, the court would have rejected that position. To this court's knowledge, only in cases involving a constitutional violation have federal courts allowed punitive damages without compensatory damages. *Erwin v. County of Manitowoc,* 872 F.2d 1292 (7th Cir.1989). Otherwise, the plaintiff must win some compensatory damages. *See People Helpers Found. v. City of Richmond,* 12 F.3d 1321 (4th Cir.1993).