LoConto, EJ.
It is undisputed that there was an inconsistency in the special verdict initially returned by the jury in this motor vehicle tort case. The issue on appeal is the correctness of the trial judge’s response to the inconsistency to reach the jury’s intended result. The scenario was as follows. The judge presented the jury with six special questions. (See Appendix). The jury’s initial response to the special questions was “yes” to the first two questions, and “no” to question 3. Nevertheless, they went on to answer “yes” to question 4, and attributed the negligence of the plaintiff at 25% and that of the defendant 75% on question five. The response to question 6 was “$45,000.00.” Understandably, the trial judge did not permit the foreperson to explain in open court the obvious inconsistency, but instead, following a discussion with counsel, gave further instructions with respect to the jury’s selections and requested they reconsider their decisions. Following further deliberations, the jury returned with a verdict answering “yes” to the first three questions, and “no” to question four. The judge polled the jury with respect to the responses to the first four questions, and noticed that the fifth question’s response had not changed. After a side bar conference, the jury was sent out again to address the fifth question. Upon returning to the courtroom, the words “strike this response” had been added to the original responses to question five. What followed was an open court inquiry of the jury by the trial judge. Initially, he polled the jurors to determine if six-sevenths of the deliberating jurors agreed upon the amended response to question five. Next, he inquired if all the jurors understood his instructions on negligence, especially whether the plaintiff’s negligence was a substantial factor in bringing any harm to himself. Additionally, he inquired individually of each juror whether it was the juror’s decision that the plaintiff was not negligent. Each answered in the negative, that is, that the plaintiff was not negligent. To further clear any confusion with the verdict slip responses, the trial judge polled each juror on the relevancy of answering question four, after answering “no” on question three. Each juror acknowledged that question four should not have been answered. Lastly, each juror reaffirmed the award of damages to the plaintiff and responded that they understood the judge’s instructions. Leaving nothing to chance, the defendant’s counsel interrupted the judge’s discharging remarks to the jury by requesting the jury answer two additional questions re-examining the jury’s understanding of comparative negligence. The jury’s responses to these two question were consistent with the responses settled upon in the special verdict accepted by the court.
Massachusetts Rule of Civil Procedure 49(a) prescribes the methods by which a jury may be required to return only a special verdict. The method chosen in this case was requesting the jury to respond to written questions. “The nature, scope, and form of special questions submitted to a jury pursuant to Mass. R. Civ. E, Rule 49(a), 365 Mass. 812 (1974), are matters within the discretion of the trial judge.” Everett v. Bucky Warren, Inc., 376 Mass. 280, 291 (1978). The questions submitted by the court were identical to proposed questions found in the manual of model *77 jury instructions used in the District Court Department.[1] Faced with the apparent inconsistency in the jury’s response to the special questions, the trial judge “attempt[ed] to discern some reasonable view of the case that will harmonize the apparent inconsistency.” Holder v. Gilbane Building Company, 19 Mass. App. Ct. 214, 218 (1985). “If the jury’s answers can be harmonized, they must be resolved so as to harmonize them.” Solimene v. B. Grauel & Co., KG., 399 Mass. 790, 800 (1987). If necessary, to resolve the inconsistency, the trial judge may resubmit the same questions to the jury with additional instructions. If unsuccessful or susceptible of failure, the judge may order a new trial. See Holder, supra at 219-220, citing Morrison v. Frito-Lay Inc., 546 E2d 154, 161 (5th Cir. 1977) and Mercer v. Long Mfg. N.C. Inc., 671 F.2d 946, 947-948 (5th Cir. 1982). “Depending on the circumstances, even the decision to send the jury out for further deliberation rather than ordering a new trial, could constitute an abuse of discretion.” In an extreme case, a trial judge’s actions may improperly interfere with a jury’s deliberation by instructing a “palpably confused jury to clarify its reasoning or rethink its conclusion.” J.W. Smith & H.B. Zobel, Rules Practice §49.9, at 187 (1977).
We find no abuse of discretion here. The trial judge’s actions were an appropriate attempt to clear an ambiguity and harmonize the answers to the special verdict questions. His additional instructions given to resolve the inconsistent responses to the special questions reflected a cautious, measured and responsible attempt to “discern some reasonable view of the case that will harmonize the apparent inconsistency.” Holder, supra at 218. The trial judge’s polling of jurors revealed that each understood his instructions with respect to comparative negligence and that the verdict accepted represented the decision of at least six-sevenths of the jury. We find no error in the method used by the trial judge to harmonize the initial responses to the special verdict and agree that the judgment ordered by the court reflects the decision of the jury.
Therefore, we order that the Clerk/Magistrate enter an order dismissing the appeal.
So ordered.
APPENDIX
1. Was the Defendant, Barbara Muth, negligent?
If the answer to this question is “No”, go directly to the signature line and answer no further questions; if the answer to this question is “Yes” , answer the following question.
2. Was the Defendant, Barbara Muth’s negligence a substantial factor in bring about injury to the Plaintiff Joe Menino?
If the answer to this question is “NO”, go directly to the signature line and answer no further questions; if the answer is “Yes”, answer the following questions.
3. Was tbe Plaintiff, Joseph Menino, negligent?
If the answer to this question is “Yes”, answer the following question; if the answer is “No”, go to question 6
4. Was the Plaintiff’s negligence a substantial factor in bringing about harm to himself?
*78 5. What percentage of negligence do you attribute to:
The Plaintiff - Joseph Menino_%.
The Defendant - Barbara Muth_%.
6. What amount of money do you find to be the fair and reasonable compensation to the Plaintiff Joe Menino for his injury?

 Massachusetts Continuing Legal Education, Inc., Civil Practice Jury Instructions, District Court Judges’ Edition, June, 2004.